UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTOINETTE C. TAYLOR,                   :
                                        :
    Plaintiff,                          :
                                        :
    v.                                  :      CASE NO. 3:24-cv-1041 (KAD)
                                        :
PHYLLIS A. FRAZIER,                     :
                                        :
    Defendant.                          :

ORDER GRANTING IN PART AND DENYING IN PART
CROSS MOTIONS TO COMPEL

Pending before the Court are various discovery disputes, including Plaintiff's Motion for Leave to Refile a prior Motion to Compel Outstanding Discovery (dkts. #65 and #76) and Defendant's Motion to Compel (dkt. #78). For the reasons that follow, Plaintiff's Motion for Leave to Refile (dkt. #76) is GRANTED, Plaintiff's Motion to Compel (dkt. #65) is GRANTED in part and DENIED in part, and Defendant's Motion to Compel (dkt. #78) is GRANTED in part and DENIED in part.

I.      FACTUAL BACKGROUND

Plaintiff commenced this action on February 26, 2024, and asserts claims for defamation, false light invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress. (Dkts. #1, 44.) The claims in the Amended Complaint stem from an alleged call that was made to the Norwalk Police Department regarding Defendant's relative. (Dkt. #44 ¶ 5.)  Plaintiff, who is a minister/pastor, alleges that, on January 4, 2024, Defendant told at least 20 individuals that "the [P]laintiff called the police on my daughter to do her harm . . . , et cetera[.]" *Id.* ¶ 5. Plaintiff also alleges that Defendant published to third persons the following message from Defendant's daughter:

1

> So, how about the police just left my house . . . They said they got an anonymous call from Kentucky saying my baby girl [name redacted] needed to be checked on!!! I don't want to hear nothing about God from this family . . . Y'all are the worst . . . There will be no restoration in this lifetime and forevermore.

*Id*. Plaintiff further alleges that in social media communications, Defendant "Frazier alluded to third persons that [P]laintiff lied to police and made a false report concerning [Defendant Frazier's] biological daughter committing a serious crime such as mentally, emotionally, and physically abusing her baby girl in a vindictive purpose to induce [P]laintiff's reputation as minister/pastor." *Id.*

Plaintiff also alleges that, on February 5, 2024, Plaintiff called Defendant Frazier to testify at an evidentiary hearing in probate court. (Dkt. #44 ¶ 7.) Plaintiff asserts that members of the public attended the hearing in person and via Webex, and that, during the hearing, Defendant Frazier publicly testified that "'[P]laintiff had called the police on my daughter . . . , et cetera' in which she affirmed to be truth (*sic*)." *Id.* Plaintiff alleges that Defendant's testimony "was not related to the subject matter of controversy at the evidentiary hearing." *Id*. The Amended Complaint alleges that the Hartford Probate Court recorded the hearing and published the transcript. *Id*.

Plaintiff claims that Defendant's acts damaged her reputation and caused emotional damage. *Id.* ¶ 5. In discussing the damages that Plaintiff allegedly suffered, the Amended Complaint states that "[i]n the Black community, to say that a minister / pastor called the police on Black people is forbidden in the eyes of many Black people because other citizens believe that the Black people are already considered as inherently dangerous citizens." *Id*. at ¶ 5. Defendant denies the allegations and claims she is not liable because, among other things, the alleged defamatory statement(s) is true. *See* dkt. #57.

II.   LEGAL STANDARD

As a general matter, Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Pursuant to Rule 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The party moving to compel discovery bears the burden of demonstrating "that the requests are within the scope of Rule 26(b)(1)." *Conservation L. Found., Inc. v. Shell Oil Co.*, No. 3:21-CV-933 (JAM), 2023 U.S. Dist. LEXIS 147065, at *34 (D. Conn. Aug. 22, 2023). The first inquiry under Rule26(b)(1), relevance, broadly includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Sullivan v. StratMar Sys., Inc.*, 276 F.R.D. 17, 19 (D. Conn. 2011) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Nonetheless, relevant information must still be proportional "to the value of the requested information, the needs of the case, and the parties' resources." *New Falls Corp. v. Soni*, No. CV 16-6805 (ADS) (AKT), 2020 U.S. Dist. LEXIS 94747, at *4 (E.D.N.Y. May 29, 2020) (citations and internal quotations omitted). In other words, relevant information is not necessarily proportional. After the party requesting discovery has demonstrated relevance and proportionality according to the requirements of Rule 26, "[t]he party resisting discovery bears the burden of showing why discovery should be denied." *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009).

III.   PLAINTIFF'S MOTION TO COMPEL (DKTS. #65, 76)

On October 20, 2025, Plaintiff filed a Motion for Leave to Refile a prior Motion to Compel Outstanding Discovery. (Dkt. #76.) Insofar as Plaintiff's Motion seeks permission to refile the prior Motion to Compel, the Motion is GRANTED. The Court now treats Plaintiff's prior Motion

3

to Compel as the instant Motion and turns to its merits. *See* dkts. #65, 67. Plaintiff moves the Court

for an order compelling Defendant to "produce full and completed discovery." (Dkt. #65 at 1.) In

support of her Motion, Plaintiff argues that the discovery sought is relevant, that Defendant had an

obligation to preserve evidence, and that sanctions should be imposed on Defendant. (Dkt. #67 at

5-7.) Defendant opposes the Motion to Compel, asserting that she has fully responded to the

discovery requests in good faith and that all objections were proper due to overbroad,

unintelligible, and/or irrelevant requests. (Dkt #68 at 2-3.) As addressed more fully below,

Plaintiff's Motion to Compel, dkt. #65 (refiled at dkt. #76), is DENIED in part and GRANTED in

part.

### A.  Plaintiff's Interrogatories

A party may seek written discovery by serving interrogatories on another party. Under Rule

33 of the Federal Rules of Civil Procedure, interrogatories "may relate to any matter that may be

inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2); *see also* Fed. R. Civ. P. 26(b) (allowing

discovery of material that is relevant, proportional, and non-privileged). A party may serve up to

25 written interrogatories, which include "all discrete parts." Fed. R. Civ. P. 33(a)(1). A responding

party must serve its answers and objections within 30 days of being served and "[e]ach

interrogatory must, to the extent it is not objected to, be answered separately and fully in writing

under oath." *Id.* at (b)(2)-(3). If a party objects, the "grounds for objecting . . . must be stated with

specificity." *Id.* at (b)(4). With these principles in mind, the Court orders as follows:

#### i.     *Interrogatory No. 1*

Interrogatory No. 1 seeks of variety of information, including Defendant's name, residence,

employment information (*i.e.*, Defendant's occupation, job title, duties or responsibilities, salary,

the name and address of her employer, etc.), Defendant's email address, Defendant's social media

platforms, Defendant's relationship to three specifically named individuals, "and any other social platform members or witnesses in details of each . . . answering or consulted with to answer these interrogatories." (Dkt. #68-1 at 4.) Defendant objects to Interrogatory No. 1 as being irrelevant in part, duplicative, and unintelligible. *Id.* at 4-5. To the extent Plaintiff seeks information regarding Defendant's employment, the Court agrees with Defendant that such information is not relevant to this action for defamation, false light invasion of privacy, and negligent and intentional infliction of emotional distress. Plaintiff has failed to articulate how such information is relevant or in any way at issue in this case.

Insofar as Interrogatory No. 1 asks Defendant to disclose her name and address, Defendant notes that the Plaintiff and Defendant are sisters, and that Plaintiff already knows Defendant's address because Plaintiff properly served Defendant at her home address. (Dkt. #68-1 at 4.) While the point is well-taken, the burden of providing the name and address is minimal. Thus, the Motion to Compel is granted with respect to these items.

To the extent that Interrogatory No. 1 requests information regarding potential witnesses, Defendant objects on the grounds that, in her Initial Disclosures, Defendant previously produced information about potential witnesses likely to have relevant information. *Id.* at 4. As a result, Defendant argues that it would be unduly burdensome to make her re-produce the information. The Court finds that the burden of re-producing such information would be minimal. Thus, the Motion to Compel is granted with respect to such information.

Finally, Plaintiff requests that Defendant produce "witnesses in details of each . . . answering or consulted with to answer these interrogatories," and Defendant answers that "[o]ther than counsel, [Defendant] did not consult with others to answer interrogatories." *Id.* at 4-5. This

portion of Defendant's response to Interrogatory No. 1 is sufficient. Plaintiff's Motion to Compel a further response to this portion of Interrogatory No. 1 is denied.

ii.    *Interrogatory No. 2*

Interrogatory No. 2 contains an extensive request. In sum, it seeks information from all sources "used to provide information in answering these interrogatories," the identity of all persons with knowledge of the alleged defamatory statements, all platforms where the alleged defamatory statements were shared, the factual basis for several of Defendant's assertions (including that Plaintiff made a false report), and any investigations or other "verification efforts made before making the allegedly defamatory statement(s)." (Dkt. #68-1 at 5.) In connection with this Interrogatory, Defendant notes that she has been attempting to have Plaintiff identify and clarify the specific statements that she is relying upon for her defamation claim, but Plaintiff has refused to do so.[1] *Id*. As a result, Defendant objects to Interrogatory No. 2 and argues that she cannot properly respond to it unless and until Plaintiff clarifies what the defamatory statements are. *Id.* at 4-5. The Court mostly agrees. It is unclear whether Plaintiff denies calling the police or admits to calling the police but denies making the statements attributed to her. It is also unclear whether Plaintiff's use of the word "etcetera" when referencing the text message and the probate court testimony, dkt. #44 ¶¶ 5, 7, is intended to suggest or imply that the additional defamatory statements were made as part of the two statements alleged in the Amended Complaint. The onus

---

[1] Defendant filed a Motion for a More Definite Statement, asking the court to require Plaintiff to plead the specific defamatory statement in the complaint. (Dkt. #47). Plaintiff objected to the Motion and suggested or implied that the two statements identified in the Amended Complaint are the defamatory statements. (Dkt. #52-1 at 2) ("[T]he [A]mended [C]omplaint clearly identifies two defamatory statements.") Plaintiff's Objection also noted that the requested information could otherwise be obtained in discovery. *Id*. at 3. In the Motion for a More Definite Statement, the Court agreed that Defendant can obtain the information during the discovery process. (Dkt. #56.) As discussed later in this Order, Defendant served interrogatories on Plaintiff which seeks to discover such information (Interrogatory Nos. 2 and 3), but Plaintiff has objected to those discovery requests.

is not on Defendant to speculate what the alleged defamatory statements are that serve as the basis for Plaintiff's claim. The Motion to Compel an answer to this portion of Interrogatory No. 2 is denied without prejudice. However, if necessary, Plaintiff can renew the Motion to Compel after she responds to Defendant's discovery requests regarding the alleged defamatory statements (discussed later in this Order), assuming that the parties are unable to resolve that potential future discovery dispute after a good faith meet and confer session.

Defendant also asserts that, to the extent Interrogatory No. 2 requests the identification of recipients of the alleged defamatory statements, Defendant has provided such information in her Rule 26(a) Initial Disclosures. Therefore, Defendant argues that it would impose an undue burden to make Defendant re-produce the information. The Court finds that the burden of re-producing such information would be minimal. Plaintiff's Motion to Compel a response to this portion of Interrogatory No. 2 is granted.

Notwithstanding her objection, Defendant answers the interrogatory by (a) identifying the individual who wrote the text message that is referenced in docket entry #44, at ¶5, (b) identifying with whom the text message was shared, and (c) stating the "factual basis" for the Probate Court testimony. (Dkt. #68-1 at 5-7.) This portion of Defendant's response to Interrogatory No. 2 is sufficient. Therefore, Plaintiff's Motion to Compel a response to Interrogatory No. 2 is otherwise denied.

### iii.    *Interrogatory Nos. 3, 4, and 7*

Interrogatory No. 3 seeks a variety of information related to Defendant's potential ownership interests in real property during a period from July 20, 2023 to June 3, 2025. (Dkt. #68-1 at 7.) Interrogatory No. 4 seeks information regarding any "whole-life or interest-sensitive insurance policy, annuity, or other form of insurance" Defendant held during this same time period.

*Id.* at 7-8. Interrogatory No. 7 seeks Defendant's educational history following her graduation from high school. *Id.* at 9. The Court is unable to discern how these three interrogatories are reasonably calculated to lead to the discovery of admissible evidence in this matter. Defendant's objections based on relevance grounds are sustained with respect to Interrogatory Nos. 3, 4, and 7. Therefore, Plaintiff's Motion to Compel responses to Interrogatory Nos. 3, 4, and 7 is denied.[2]

iv.    <em>Interrogatory No. 5</em>

Interrogatory No. 5 seeks "a complete statement" of Defendant's intended defenses to all seven causes of action. (Dkt. #68-1 at 8.) Defendant objects to Interrogatory No. 5 on the grounds of the attorney-client privilege, attorney work product doctrine, and prematurity of the request. *Id.* at 8-9. "The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011). Slightly broader, the attorney work product doctrine "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *Mercator Corp. v. United States*, 318 F.3d 379, 383 (2d Cir. 2002).

Here, the extent of information sought by Plaintiff is not entirely clear. Nonetheless, any confidential, case-related communications between Defendant and her lawyer are strictly protected by the attorney-client privilege, *Mejia*, 655 F.3d at 132, and defense counsel's mental impressions and litigation strategies are protected by the work product doctrine, *see, e.g.*, *Mohr v. Sec. Credit Servs., LLC*, 141 F. Supp. 3d 179, 182 (N.D.N.Y. 2015). Thus, the Court sustains Defendant's objections to Interrogatory No. 5, insofar as it seeks privileged information. Without waiving the

---

[2] The Court agrees with Defendant that Plaintiff has exceeded the limit of 25 interrogatories, including all discrete subparts. *See* dkt. #68-1 at 4. However, the Court need not address this issue, given the ruling on the merits of the substantive objections.

objections, Defendant has provided an answer to Interrogatory No. 5, which is two paragraphs in length. The answer provides a preliminary statement of defenses and states, in relevant part, that the alleged statement was true, was not written by Defendant, and did not identify Defendant. (Dkt. #68-1 at 8-9.) The Court finds that Defendant's answer is sufficient. Therefore, Plaintiff's Motion to Compel a response to Interrogatory No. 5 is denied as moot. To the extent that Plaintiff identifies and clarifies the defamatory statement(s) when she answers Defendant's Interrogatories, the Court reminds Defendant that she has an obligation to supplement her interrogatory response, if necessary. [3]

v.    *Interrogatory No. 6*

Interrogatory No. 6 seeks expert disclosures. (Dkt. #68-1 at 9.) This Interrogatory places an undue burden on Defendant. Expert disclosures should be produced pursuant Rule 26(a)(2), which requires parties to make disclosures "at the times and in the sequences that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Defendant shall comply with the disclosure deadlines of expert witnesses in accordance with the scheduling order set by the Court.[4] Defendant's objections pertaining to Interrogatory No. 6 are sustained, and Plaintiff's Motion to Compel a response to Interrogatory No. 6 is denied without prejudice.

**B. Plaintiff's Requests for Production**

Rule 34 allows a party to serve on another party a Request for Production ("RFP") of documents which are "in the possession, custody or control" of the party upon whom the request is served. Fed. R. Civ. P. 34(a)(1). A Request for Production "must describe with reasonable particularity each item or category of items to be inspected." *Id.* 34(b)(1)(A). However, a party

---

[3] To be clear, both parties have a continuing duty to supplement their discovery responses.

[4] Although the deadline for each party to submit expert reports has expired, dkt. #54, Plaintiff has filed a Motion to Modify the Scheduling order, which is referred to the undersigned, (dkts. #46, 77). As addressed on the docket, the Court grants the Motion and extends all scheduling order deadlines by 60 days.

cannot be compelled to produce a document that is not currently in existence. *Alexander v. FBI*, 194 F.R.D. 305, 310 (D.D.C. 2000). With these principles in mind, the Court rules on the RFPs at issue in Plaintiff's Motion to Compel as follows:

i.    *Request for Production No. 1*

RFP No. 1 requests that "[f]or each encounter with family members, friends, and third-party social media platforms made any allegedly defamatory statement(s) about plaintiff lying to police and made a false report concerning [D]efendant's daughter committing a serious crime against her baby girl" identified in response to Interrogatory No. 2, Defendant produce all "statement(s), conversations, communications, dates, times, locations, places, [and] social media platforms." (Dkt. #68-1 at 9-10.) In her objection, Defendant states that to the extent Request No. 1 seeks to obtain copies of statements other than those described in the Amended Complaint, the request constitutes "an impermissible fishing expedition." *Id.* at 10. The Court agrees.[5] However, it is unclear whether this statement is intended to suggest or imply that Defendant has produced copies of all documents containing the statements that are quoted in the Amended Complaint. Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure requires that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Thus, to the extent that documents containing the statements that are quoted in the Amended Complaint exist and have been withheld based on the objection, Defendant is ordered to produce those documents.

---

[5] RFP No. 1 also asks Defendant to provide the context and circumstances surrounding the statements, the identity of each person who witnessed the statements, and to include, among other things, the full name, address, telephone number and occupation of each such person. (Dkt. #68-1 at 9-10.) This type of request is more appropriate for an interrogatory, as opposed to a RFP, especially since, as noted earlier, a party cannot be compelled to produce a document that is not currently in existence. In making this observation, the Court does not opine on whether some of the requested information would be objectionable if it was requested in an interrogatory.

If Defendant has not withheld documents containing the statements that are quoted in the Amended Complaint, Defendant should advise Plaintiff of that fact.

Defendant also objects to the wording of RFP No. 1,[6] noting that the request asks Defendant to produce documents concerning the "allegedly defamatory statements about Plaintiff lying to the police and [making] a false report concerning defendant's daughter committing a serious crime against her baby girl." (Dkt. #68-1 at 10.) Defendant states "this is not wording that [Defendant] Frazier has used and thus [Defendant] cannot respond to an interrogatory about such language." *Id.* This suggests or implies that there are no responsive documents to this portion of RFP No. 1, as phrased. However, pursuant to Rule 34(b)(2)(C), Defendant is ordered to advise Plaintiff as to whether any documents responsive to this portion of RFP No. 1 have been withheld based on the objection.

As for the remaining portion of RFP No. 1, Defendant responds by stating that she has a recording of a telephone call, and a police report related to the statements in question, which Defendant produced to Plaintiff in July of 2025. (Dkt. #68-1 at 10.) The Court finds this portion of the response is sufficient and otherwise sustains Defendant's objection. For the reasons articulated above, Plaintiff's Motion to Compel a response to RFP No. 1 is granted in part (assuming Defendant has withheld documents containing the alleged statements that are quoted in the Amended Complaint) and denied in part.

ii.    *Requests for Production Nos. 2, 3, and 5*

Plaintiff has failed to meet her burden of establishing relevance for RFPs Nos. 2, 3, and 5. RFP No. 2 seeks a copy of Defendant's mortgage contract. (Dkt. #68-1 at 10.) RFP No. 3 seeks the production of Defendant's whole-life or interest-sensitive insurance policies. *Id.* at 11. RFP No. 5

---

[6] The Court again notes that Defendant previously filed a Motion for a More Definite Statement asking Plaintiff to specifically identify the statements that she claims are defamatory. *See* dkt. #47.

seeks Defendant's resume, job history, and annual salary. *Id.* Defendant objects to all three requests on relevance grounds. The Court agrees with Defendant's position and finds that Plaintiff has failed to establish how these documents would be relevant to this defamation action. Defendant's objections to RFP Nos. 2, 3, and 5 are sustained. Therefore, Plaintiff's Motion to Compel the production of documents responsive to these three requests is denied.

iii.    <em>Request for Production No. 4</em>

Plaintiff seeks the following in RFP No. 4:

> For each record of social media posts, texts repeating or reference the statement, third-party platform, publication, statement, digital printed material, email, group chat, photo, conversation, recording to present at the trial of this matter, including any and all documentary evidence described in response to the foregoing interrogatory, produce a copy of each photo, statement, conversation, social media post, recording, and any and all documentary evidence as of the date of your response hereto.

(Dkt. #68-1 at 11.) Defendant objects, claiming the request is unintelligible because it "refers to some undefined 'statement'" and is an "impermissible fishing expedition." *Id.* Rule 34 requires requested documents to be described with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A). Although the Court agrees with Defendant that RFP 4 is not sufficiently clear as drafted, the Court presumes that the reference to that "statement" refers to the alleged statements that are quoted in the Amended Complaint. As noted above, if documents containing the alleged statements that are quoted in the Amended Complaint have been withheld based on the objection, Defendant is ordered to produce those documents.

Additionally, as discussed later in this Order, the Court is granting Defendant's Motion to Compel responses to the discovery requests asking Plaintiff to identify or clarify the alleged defamatory statements. More specifically, the Court is ordering Plaintiff to respond to Defendant's Interrogatory Nos. 1 and 3. After reading Plaintiff's responses to those interrogatories, if the Defendant becomes aware that she possesses additional responsive documents, the Court reminds

12

the Defendant that she has a duty to supplement her discovery responses. If the parties are unable to resolve any objections regarding the production of supplemental documents after Plaintiff responds to Interrogatory Nos. 1 and 3, they should notify the Court, and the Court will re-visit this dispute. Until then, Plaintiff's Motion to Compel a response to RFP No. 4 is denied without prejudice.

iv.    <em>Request for Production No. 6</em>

RFP No. 6 is identical to Interrogatory No. 6. (Dkt. #68-1 at 11.) As noted above, expert disclosures should be produced pursuant Rule 26(a)(2) and the scheduling order set by the Court. Defendant's objection to RFP No. 6 is sustained and the Motion to Compel is denied without prejudice.

### C.  Plaintiff's Requests for Admissions

Rule 36 of the Federal Rules of Civil Procedure governs Requests for Admissions ("RFAs"). A party seeking an admission pursuant to Rule 36 "bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation." *Henry v. Champlain Enters.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003); *see also* 7 Moore's Federal Practice § 36.10[6] (3d ed. 2016) ("The requesting party bears the burden of drafting the request clearly and specifically so that the responding party can easily agree or disagree."). Likewise:

> Requests for admissions are not intended for factual discovery that should be done through interrogatories and depositions. They are a cruder device because a party may accept, deny or object to facts phrased by the opposition. They exist to narrow the issues at trial where the parties' unambiguously agree. The fact is that parties in litigation conflict. They believe different things and they have different interpretations of both words and events. The party that proffers the requests must recognize that its opponent may read those words differently.

*Russo v. Baxter Healthcare Corp.,* 51 F.Supp.2d 70, 79 (D.R.I.1999). "A party responding to requests for admission may either admit, deny, object to the request with the reasons therefor, or set out in detail the reasons why he or she cannot respond." *City of Hartford v. Monsanto Co.*, No. 3:15CV1544 (RNC), 2017 U.S. Dist. LEXIS 115596, at *5 (D. Conn. July 20, 2017). With these principles in mind, the Court rules on the RFAs at issue in Plaintiff's Motion to Compel as follows:

i.    *Requests for Admission Nos. 1, 2, 3, and 5*

RFA Nos. 1, 2, 3, and 5 ask Defendant to make admissions in connection with an unspecified statement.[7] In objecting to these RFAs, Defendant claims that she "cannot discern with the necessary specificity what alleged fact Plaintiff is asking [Defendant] to admit." (Dkt. #68-1 at 12.) Since Plaintiff has the burden of setting forth its Requests for Admission "simply, directly, not vaguely or ambiguously," *Henry*, 212 F.R.D. at 77, and the Requests for Admission must be understandable and straightforward, *id.*, Defendant has persuaded the Court that the objections to these four Requests for Admission are justified—mainly because it is unclear which specific statements in the Amended Complaint Plaintiff is asking Defendant to admit. If Plaintiff is asking Defendant to admit all the statements that she mentions in the Amended Complaint, then the RFA is not phrased in a manner that allows the Defendant to answer with a simple admit or deny. Defendant's objections to Requests for Admissions Nos. 1, 2, 3, and 5 are sustained, and Plaintiff's Motion to Compel a response to these Requests for Admission is denied.

---

[7] RFA No. 1 reads: "Admit that defendant published and repeated the statement(s) made by defendant's daughter about the plaintiff as described in the amended complaint *at* ¶ 1, pg. 6." (Dkt. #68-1 at 12.) RFA Nos. 2, 3, and 5 appear to refer to the same statement(s) as RFA No. 1. *Id.* However, paragraph 1 does not appear on page 6 of the Amended Complaint, as Plaintiff asserts in RFA No. 1. (*See* dkt. #44.) Construing the request liberally, the Court notes that paragraph 5, which appears on page 6 of the Amended Complaint, references several quoted statements. (*See id.* at 6-8.) If RFA Nos. 1 through 3, and 5 are referring to some or all those statements, the RFA needs to be redrafted to specify which specific statement Plaintiff is asking Defendant to admit. The better practice is to simply quote each such purported statement in a separate RFA, so that the responding party can either admit or deny the statement. (*See e.g.*, dkt. # 78-1 at 35, Defendant's RFA Nos. 3, 4, or 5.)

ii.     *Request for Admission No. 4*

RFA No. 4 asks the Defendant to admit that she has a history of certain identified behaviors. (Dkt. #68-1 at 12.) Defendant denies the Request for Admission. *Id.* A party may admit or deny a Request for Admission without explanation. *Henry*, 212 F.R.D. at 77. Therefore, Defendant's denial of RFA No. 4 is proper.

iii.     *Request for Admission No. 6*

RFA No. 6 asks Defendant to admit that she "talked with family members, friends, [and] third-party social media members about [Plaintiff] regarding her daughter as described throughout the [A]mended [C]omplaint." (Dkt. #68-1 at 13.) Defendant re-incorporates her objection to RFA Nos. 1, 2, 3, and 5, arguing that the RFA is too broad and/or vague to respond to. *Id.* at 12-13. The Court agrees. Plaintiff's compound request is not straightforward, and it cannot be answered with a simple admit or deny. It is conceivable that Defendant might admit to making some of the statements in the Amended Complaint but deny making others.[8] Thus, RFA No. 6, as phrased, cannot be answered with a simple admit or deny. Without waiving this objection, Defendant admits that Defendant "talked with family members and others about her daughter." *Id.* at 13. Defendant otherwise denies RFA No. 6 . *Id.* Defendant's objection to RFA No. 6 is sustained, and the answer is otherwise sufficient.

IV.     <u>DEFENDANT'S MOTION TO COMPEL (DKT. #78)</u>

Also pending before the Court is Defendant's Motion to Compel. (Dkt. #78.) Defendant moves for an order compelling Plaintiff to comply with discovery requests and contends that Plaintiff "objected to each and every discovery request and request for admission without a factual

---

[8] The other option is that Defendant might deny making all the statements in the Amended Complaint, which Defendant's response appears to do, dkt. #68-1 at 13, despite making an objection to the form and phrasing of RFA No. 6.

or legal basis." *Id.* at 1. Plaintiff opposes Defendant's Motion to Compel, arguing that the discovery requests "undermine [Plaintiff's] right to anonymous speech as a component of the First Amendment," are burdensome, and are sought for the purpose of harassment. (Dkt. #79 at 4.) For the reasons that follows, Defendant's Motion to Compel is GRANTED in part and DENIED in part.

### A.   Defendant's Interrogatories

Defendant served 16 interrogatories on Plaintiff in her First Set of Discovery Requests. (Dkt. #78-1 at 29-32.) Plaintiff objects to all sixteen interrogatories on various grounds. *See id.* Defendant seeks answers to every interrogatory, and therefore the Court rules on all interrogatories as follows[9]:

### i.    *Identification and Nature of the Alleged Defamatory Statements*

The first group of interrogatories relate to the identification and nature of the alleged defamatory statements that Plaintiff has put squarely at issue in her Amended Complaint. *See, e.g.*, dkt. #44 ¶¶ 2, 5. Interrogatory No. 1 asks Plaintiff to identify the defamatory statements. (Dkt. #78-1 at 29.) Plaintiff objects to this Interrogatory on six different grounds (vagueness, ambiguity, argumentative, overbroad, unduly burdensome, and relevance), and otherwise answers Interrogatory No. 1 with a reference to the Amended Complaint.[10] *Id.* Because Plaintiff has alleged

---

[9] The Court will group the analyses for the interrogatories by the subject matter to which they pertain.

[10] As noted earlier, Defendant filed a Motion for a More Definite Statement regarding the alleged defamatory statement(s), but the Court denied the motion. (Dkts. #47, 56.) While noting that the Amended Complaint lacked precision with respect to the alleged defamatory statement(s), the Court held that Defendant could obtain clarification through the discovery process as to what specific statement Plaintiff is claiming that Defendant made and is defamatory. (Dkt. #56.) Although the Court does not provide legal advice, the Court would be remiss if it did not mention that, in a defamation case, the failure to identify the specific defamatory statement is potentially problematic. *See Croslan v. Hous. Auth. for City of New Britain*, 974 F. Supp. 161, 171 (D. Conn. 1997) (In granting a motion for summary judgment on a defamation claim, the court stated that "[P]laintiff bears the burden of identifying the particular statements that she claims are defamatory. General assertions regarding speakers and subject matter are not sufficient to present a disputed issue of material fact regarding the actual defamatory statements that were made.")

the existence of the defamatory statements, *see* dkt. #44, thereby placing the defamatory statements squarely at issue, she cannot refuse to identify those statements and simply leave Defendant to speculate as to which statements Plaintiff is relying upon for her defamation claim. Likewise, to the extent that Plaintiff's answer to Interrogatory No. 1 directs Defendant to the Amended Complaint, caselaw makes clear that "[a]nswers to interrogatories that reference . . . the complaint itself, or any other documents are improper and thus unresponsive." *Rivera v. Affineco, LLC*, No. 16-CV-1666 (JBA), 2018 U.S. Dist. LEXIS 30198, at *28 (D. Conn. Feb. 26, 2018). Plaintiff's objection is overruled, and Defendant's Motion to Compel a response to Interrogatory No. 1 is granted.

Similarly, Interrogatory No. 3 asks Plaintiff to identify all alleged defamatory written statements that Plaintiff raises in her Complaint. (Dkt. #78-1 at 29.) In her objection, Plaintiff states that the "interrogatory calls for pure conjecture and speculation" and that it is "not the [P]laintiff's job to guess what would have happened in an alternative universe." *Id.* Without waiving this objection, Plaintiff calls the interrogatory "premature" in light of future depositions. *Id.* As a preliminary matter, as with Defendant's Interrogatory No. 1, Defendant has met her burden of establishing that the requested information is relevant. Plaintiff's Amended Complaint has placed the defamatory statement(s) squarely at issue for discovery purposes. To the extent that Plaintiff asserts that Defendant is asking her to engage in speculation by answering Interrogatory No. 3, the Court disagrees. Additionally, a party "may not rely on the prospect that the requested information may be obtained through 'future deposition testimony in lieu of complete responses to interrogatories.'" *Matalavage v. Sheriff of Niagara Cnty.*, No. 20-CV-1254Sk(F), 2023 U.S. Dist. LEXIS 26692, at *34-*35 (W.D.N.Y. Feb. 16, 2023) (citation omitted). Plaintiff's objection to

Interrogatory No. 3 is overruled, and Defendant's Motion to Compel a response to Interrogatory No. 3 is granted.

ii.   *Identification of Individual(s) who called the police*

The next group of interrogatories relate to Defendant's request for Plaintiff to identify *who* called the police. Plaintiff's defamation claims are based, in part, on the allegation that Defendant accused Plaintiff of calling the police in connection with a family matter. (Dkt. #44 ¶ 5.) Interrogatory No. 5 asks Plaintiff to identify each conversation Plaintiff had with any Connecticut police personnel, including the Norwalk Police Department, from 2023 to the present. (Dkt. #78-1 at 30.) Plaintiff objects on the grounds that the request requires her to make a legal conclusion. *Id.* However, Interrogatory No. 5 only requests that Plaintiff expand on facts alleged in her Amended Complaint. Interrogatory No. 5 does not require Plaintiff to make any legal conclusions. Instead, the Interrogatory asks Plaintiff to provide a factual statement.

Without waiving her objection, Plaintiff states that Connecticut law "mandates that all police agencies accept anonymous complaints." *Id.* The Court is unable to discern how a police agency's ability to accept anonymous complaints impedes Plaintiff's ability to respond to Defendant's interrogatory request. Plaintiff has not identified any federal privilege that would prevent discovery under the Federal Rules of Civil Procedure, nor is the Court aware of any such privilege. To the extent that Plaintiff's defamation claim appears to be based on the notion that Defendant falsely told third parties "that [P]laintiff lied to police and made a false report concerning [Defendant's] biological daughter committing a serious crime against her baby girl in group chats, text messages, et cetera throughout social media," dkt. #44 ¶ 2, Plaintiff cannot refuse to confirm whether and to what extent she called the police regarding Defendant's daughter. The issue goes to the heart of the defamation claim (*i.e.*, whether the statements that Defendant

allegedly made to the third parties about Plaintiff calling the police on her daughter were true or false).

The Court notes that Interrogatory No. 5 does not appear to be limited to conversations with the Connecticut police regarding the topic of Defendant's daughter. Thus, the Court considered limiting the permissible scope of Interrogatory No. 5, even though no such objection had been made by Plaintiff. However, Plaintiff's Amended Complaint opens the door to the broader inquiry set forth in Interrogatory No. 5. *See, e.g.*, dkt. #44 ¶ 5 ("In the Black community, to say that a minister / pastor called the police on Black people is forbidden in the eyes of many Black people because other citizens believe that the Black people are already considered as inherently dangerous citizens."). Defendant's Motion to Compel a response to Interrogatory No. 5 is granted.

Interrogatory No. 6 asks Plaintiff to provide all information she has about the identity of any person that made the anonymous phone call referenced in paragraph 5 of Plaintiff's Amended Complaint. (Dkt. #78-1 at 30.) Plaintiff objects on relevance grounds and provides the same answer as she did to Interrogatory No. 5. *Id.* Plaintiff fails to articulate why she believes the request is irrelevant, which alone justifies overruling her objection. *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 364 (S.D.N.Y. 2010) ("General and conclusory objections as to relevance . . . are insufficient to exclude discovery of requested information.") (citation omitted). In any event, the Court finds the request relevant. Plaintiff's Amended Complaint puts the phone call directly at issue, and Rule 26 allows either party to seek information that bears on this issue. *See* Fed. R. Civ. P. 26(b)(1). For the foregoing reasons, the Court overrules Plaintiff's objections to Interrogatory Nos. 5, and 6, and orders Plaintiff to fully comply with those requests.

Interrogatory No. 7 asks Plaintiff to identify all telephone numbers that she used to place calls in 2023 and 2024, along with the telephone companies associated with those numbers. (Dkt.

#78-1 at 30.) Plaintiff objects on the grounds that the request is "vague, ambiguous, argumentative, overbroad, unduly burdensome," and not relevant. *Id.* Defendant states that she seeks these numbers to determine whether Plaintiff is the one that called the police. (Dkt. #78-1 at 6.) The Court finds that Defendant does not sufficiently state the need for this broad request. In any event, Defendant is able to obtain substantively similar information consistent with the Court's order on RFA No. 7 (see below). Therefore, Plaintiff's objection to Interrogatory No. 7 is sustained.

iii.    <em>Publication: Third Parties who Heard or Read the Alleged Defamatory Statements</em>

The next group of interrogatories involves requests that relate to the individuals who read, heard, or otherwise published the alleged defamatory statements. To begin, Interrogatory No. 2 asks Plaintiff to identify all people who heard the defamatory statement that Defendant allegedly made and Interrogatory No. 4 asks Plaintiff to identify all people known to have read the alleged written defamatory statements referenced in the Amended Complaint. (Dkt. #78-1 at 29.) Plaintiff objects on the grounds that the requests are overbroad, uncertain, and unintelligible, and, without waiving the objection answers that discovery is premature because depositions will be conducted. *Id.* Plaintiff has put publication at issue by alleging that Defendant shared the alleged defamatory statements in the group chat. (Dkt. #44 ¶ 5.) Additionally, since Plaintiff is claiming damage to her reputation, she has opened the door for Defendant to explore whether and to what extent the people who became aware of the alleged statements developed a negative perception of Plaintiff or thought less of Plaintiff due to the alleged defamatory statements. Therefore, the information requested in these interrogatories is relevant and likely to lead to the discovery of admissible evidence. Finally, as noted earlier, Plaintiff cannot rely on future deposition testimony in lieu of responding. *Matalavage*, 2023 U.S. Dist. LEXIS 26692, at *34-*35.

Interrogatory No. 10 asks Plaintiff to identify all people who made comments about any allegation that she called the police regarding Defendant's daughter.[11] (Dkt. # 78-1 at 30.) Interrogatory No. 11 asks Plaintiff to identify anyone who developed any of the negative feelings for her, as alleged in paragraph 7 of the Amended Complaint; Interrogatory No. 12 generally requests that Plaintiff identify all statements made to any person regarding the subject matter of the Amended Complaint; finally, Interrogatory No. 13 requests the substance and date of all communications that Plaintiff had with any person regarding the alleged defamatory statements by Defendant. *Id.* at 30-31; *see also* dkt. #44. Plaintiff objects to all four interrogatories. Dkt. #78-1 at 30-31. Under Connecticut law, a defamatory statement is one that tends to harm the Plaintiff's reputation, *see, e.g.*, *Skakel v. Grace*, 5 F. Supp. 3d 199, 206 (D. Conn. 2014). Therefore, Defendant's inquiries regarding how others reacted to the alleged defamatory statements (Interrogatory Nos. 10 and 11) are relevant. Additionally, any statements made by Plaintiff regarding the subject matter of the Amended Complaint (Interrogatories Nos. 12 and 13) would be relevant to this litigation as potential admissions by Plaintiff. Therefore, such information is discoverable.

Interrogatory No. 14 asks Plaintiff to explain *how* Defendant "published the written transcript of her testimony" as alleged in paragraph 21 of the Complaint.[12] Dkt. #78-1 at 31; *see also* dkt. #44 ¶ 21. Publication is another necessary element for a defamation claim in Connecticut.

---

[11] If an individual responded by commenting that he or she would never believe that Plaintiff would make such a call to the police, the comment would be relevant to Plaintiff's damages. Similarly, if an individual commented that he or she believed that Plaintiff called the police and thinks less of Plaintiff for doing so, such evidence would also be relevant to damages.

[12] It is unclear from the Amended Complaint whether Plaintiff is relying exclusively on statements that Defendant allegedly made in open court during the probate hearing or whether Plaintiff is suggesting that Defendant published the transcript of the probate proceeding to third parties.

*Skakel*, 5 F. Supp. 3d at 206. Therefore, the information requested in Interrogatory No. 14 is relevant.

For all of the reasons previously addressed, Plaintiff's objections are overruled, and Plaintiff is ordered to fully respond to Interrogatory Nos. 2, 4, and 10 through 14.

### iv.    *Plaintiff's Damages*

The final group of interrogatories relates to Plaintiff's damages. In her Amended Complaint, Plaintiff seeks monetary damages in an unknown amount. (Dkt. #44 at 19.) Interrogatory No. 8 asks Plaintiff to describe how she was damaged by the alleged defamatory conduct that serves as the basis for this action, and Interrogatory No. 9 asks Plaintiff to explain her damage calculation. (Dkt. #78-1 at 30.) Plaintiff objects to both interrogatories. *Id.* With respect to Interrogatory No. 8, Plaintiff asserts her protection against self-incrimination. *Id.* Plaintiff does not articulate why it would trigger her protection against self-incrimination to identify the damages that she is claiming in the civil action that she filed. *See id.* Plaintiff objects to Interrogatory No. 9 based on the attorney-client privilege and the work-product doctrine. *Id.* Plaintiff's objection is sustained in part. More specifically, in answering Interrogatory No. 9, Plaintiff need not disclose confidential, case-related communications she had with an attorney or what an attorney said to her. However, Plaintiff must articulate the basis for any computations.

Without waiving her objections, Plaintiff answers by noting that she relies on her Supplemental Initial Disclosures. *Id.* As previously discussed, Plaintiff may not reference another document in lieu of answering a discovery request. Additionally, both interrogatories go directly to the issue of damages and are therefore relevant. If Plaintiff claims that it would be burdensome to re-produce the damages calculation that she produced in her Initial Disclosures, the Court finds, as with Defendant's objection to Plaintiff's Interrogatory No. 2, that any burden would be minimal.

The Court notes that it has not seen Plaintiff's Initial Disclosures and cannot opine on whether those Initial Disclosures are fully responsive to the Interrogatory Nos. 8 and 9.

Interrogatory No. 15 asks Plaintiff to identify any medical treatment received because of the alleged defamatory statements (if any). (Dkt. #78-1 at 31.) Plaintiff objects to this interrogatory on the grounds that it is burdensome. *Id.* Since the interrogatory is limited to medical treatment that was the result of the alleged defamation, it is clearly relevant to the issue of damages, and not burdensome. Interrogatory No. 16 asks whether Plaintiff has ever been diagnosed or treated for a mental illness. *Id.* In this respect, Plaintiff's Amended Complaint alleges that Defendant's actions caused Plaintiff "emotional and *mental illness* significant enough for medical attention." (Dkt. #44 ¶ 44) (emphasis added). In doing so, Plaintiff has put her mental and physical health directly at issue. Additionally, under Rule 26(b)(1), "a party is entitled to broad discovery of a party's preexisting conditions including mental health matters, relevant to a claim or defense regardless of admissibility." *Bauman v. 2810026 Can. Ltd.*, No. 15-CV-374A(F), 2016 U.S. Dist. LEXIS 12698, at *3 (W.D.N.Y. Feb. 3, 2016). Plaintiff objects to Interrogatory No. 16 because "it seeks information from third parties." *Id.* at 32. However, Interrogatory No. 16 does not require Plaintiff to provide any information from a third party; Plaintiff can answer the Interrogatory based on her own knowledge.

Plaintiff's objections to Interrogatory Nos. 8, 9, 15 and 16 are overruled, and Plaintiff is ordered to fully comply with the discovery requests.

### B. Defendant's Requests for Production

The Court rules on Defendant's RFPs as follows:

i.     *Identification and Nature of Defamatory Statements*

Defendant's RFP Nos. 1, 2, and 3 all request the production of documents relating to the identification and nature of the alleged defamatory statements. (Dkt. #78-1 at 32). Plaintiff objects to all three requests on various grounds and, without waiving her objections, provides the same answer to all three: "Discovery is premature (i.e. depositions)." *Id.* For the reasons already articulated in this Order, Plaintiff may not rely on the potential of future deposition testimony to avoid answering interrogatories or responding to requests for production. RFP No. 5 similarly requests all documents discussing the alleged defamation about which Plaintiff complains (including any documents relevant to a damages analysis). *Id.* The Court finds that the requested documents are relevant to this action, as they go to the heart of Plaintiff's defamation claim (both liability and damages). Therefore, the Court overrules Plaintiff's objections, and orders Plaintiff to fully comply with Requests Nos. 1, 2, and 3.

ii.     *Identification of the Individual(s) Who Called the Police*

RFP No. 7 requests telephone records for all calls Plaintiff placed in 2023 and 2024. (Dkt. #78-1 at 32.) Plaintiff objects on the grounds that the request is duplicative. However, the Court is unaware of any prior discovery where Plaintiff produced these telephone records. The Amended Complaint appears to suggest that Plaintiff did not call the police about Defendant Frazier's daughter. (Dkt. #44, at ¶5.) Thus, the defamation claims seem to allege that Defendant Frazier falsely told third parties that Plaintiff Taylor called the police regarding Defendant Frazier's daughter, even though Plaintiff Taylor did not make such a call. However, Defendant Frazier purports to have an audio recording of the phone call that was made to the police and claims that Plaintiff Taylor's voice is on the recording. Assuming the Court has correctly summarized the positions of the parties, the question of whether Plaintiff called the police about Defendant's

daughter is highly relevant because it goes directly to the question of whether Defendant's alleged statements that Plaintiff called the police are true or false.

While the Court finds that the requested information is relevant, the period covered by the request (2023-2024) seems overly broad, absent a compelling explanation. Defendant purports to have a recording of the phone call that was made to the police and a copy of the police report. (Dkt. #68-1 at 10.) Presumably, one of those documents identifies the date of the phone call to the police.[13]  The Court cannot discern why RFP No. 7 should not be limited to the date of the alleged phone call to the Norwalk Police Department. Therefore, to the extent that the parties know the date of the alleged phone call, Plaintiff is ordered to produce her phone records for that specific date.[14] To the extent that Plaintiff's phone bills or records contain other dates, Plaintiff may redact the phone numbers from the other dates, but she cannot redact the information showing the dates of those calls. The phone records can be produced pursuant to the standing protective order. *See* dkt. #17.

### iii.    *Plaintiff's Damages*

RFP No. 4 requests all documents that are relevant to Plaintiff's alleged damages. Plaintiff objects on the grounds that the request is "duplicative of prior requests." (Dkt. #78-1 at 32.) However, Plaintiff does not point to, nor is the Court aware of, any other documents that have been produced and are relevant to the damages she is alleging in the instant action. Plaintiff need not re-produce documents that she has already produced, but to the extent that Plaintiff has documents

---

[13] The Court has not seen a copy of the police report but presumes it might identify the date of the alleged phone call. Defendant's RFA No. 1 suggests that the alleged call occurred on January 3, 2024.

[14] The Court notes that "'control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents." *Bank of New York v. Meridien Biao Bank Tanz.*, 171 F.R.D. 135, 146-47 (S.D.N.Y. 1997).

within her custody or control which relate to the damages she is claiming in this action, she is ordered to produce such documents.

RFP Nos. 8 and 9 request documents related to Plaintiff's medical care received in connection with this action. (Dkt. #78-1 at 33.) Plaintiff objects to both requests on grounds that they are duplicative. *Id.* However, once again, Plaintiff does not identify any document that she has previously produced which evinces the type of information sought here. Again, Plaintiff need not re-produce documents that have already been produced, but she must produce any responsive documents that have not already been produced. RFP Nos. 4, 8, and 9 are all relevant for the reasons discussed above. Therefore, Plaintiff's objections are overruled, and Plaintiff is ordered to fully comply with RFP Nos. 4, 8, and 9.[15]

### iii.  *Miscellaneous*

RFP No. 6 requests documents "relating to the alleged theft of cash from a safe deposit box." (Dkt. #78-1 at 32.) Plaintiff objects on the grounds that RFP No. 6 requests confidential and/or propriety information. *Id.* The Court disagrees. The assertion regarding the alleged theft of money was specifically made in Plaintiff's Amended Complaint. *See* Dkt. #44 ¶¶ 2, 7, 31. Therefore, Plaintiff has made the matter relevant for discovery purposes, and defendant is entitled to explore the factual basis of the allegation during the discovery process. *See Sullivan v. StratMar Sys., Inc.*, 276 F.R.D. 17, 19 (D. Conn. 2011) (noting that relevance includes "any matter that bears

---

[15] As noted, since Plaintiff is claiming that Defendant's conduct caused her emotional and mental illness significant enough for medical attention, her Amended Complaint makes the related medical records relevant. See dkt. #44 ¶ 44. Additionally, to the extent that Plaintiff objected to Defendant's Interrogatory No. 16 because it supposedly requested information from a third-party, dkt. #78-1 at 32, the Court notes that Plaintiff has the ability to obtain copies of such medical records from her medical provider by signing a release, and therefore those records fall within Plaintiff's custody or control. *Bank of New York*, 171 F.R.D. at 146-47; *see also Weber v. Fujifilm Med. Sys. U.S.A., Inc.*, No. 3:10CV401 (JBA), 2011 U.S. Dist. LEXIS 26027, at *2-*4 (D. Conn. Feb. 17, 2011) (overruling plaintiff's objection to defendant's motion to compel plaintiff to sign an authorization for his medical providers to disclose his records to defendants).

on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.") (citation omitted); *Ahern v. Trans Union LLC*, No. 3:01CV2313(DJS), 2002 U.S. Dist. LEXIS 26355, at *3-*4 (D. Conn. Oct. 23, 2002) ("[T]he claims in the complaint define the liberal guidelines for determining the relevance of the discovery requests, and the burden is on the party resisting discovery to clarify and explain its objections and to provide support for those objections."). Moreover, Plaintiff has not identified any privilege recognized under the Federal Rules of Civil Procedure that would prevent the discovery of such information, and the Court is not aware of any such privilege. Plaintiff's objection to RFP No. 6 is overruled, and Plaintiff is ordered to fully comply with RFP No. 6.

RFP Nos. 10 and 11 request information relating to Defendant's performance of her duties as a fiduciary to the "Estate of Charles Taylor." (Dkt. #78-1 at 33.) Plaintiff objects to RFP No. 11 on relevance grounds and otherwise claims that RFP Nos. 10 and 11 were only propounded to harass Plaintiff. *Id.* However, in her Amended Complaint, Plaintiff specifically raises allegations in connection with Defendant's position as the fiduciary of the Estate. (Dkt. #44 ¶¶ 2, 7.) Defendant is entitled to explore the factual basis of these allegations during the discovery process. Again, Plaintiff has not identified any privilege recognized by the Federal Rules of Civil Procedure that would prevent the discovery of such information, and the Court is not aware of any such privilege. Plaintiff's objections to RFP Nos. 10 and 11 are overruled, and Plaintiff is ordered to fully comply with RFP Nos. 10 and 11.

### C.  Defendant's Requests for Admission

Finally, Plaintiff objects to all nineteen Requests for Admission that Defendant served on her. (*See* dkt. #78-1 at 40-43.) Plaintiff makes the same objection to all the RFAs: "Objection – lack of information – Responding party lacks sufficient information to admit or deny this request."

*Id.* Rule 36(a)(4) of the Federal Rules of Civil Procedure requires a party to "*specifically* deny" the RFA "or state *in detail* why the answering party cannot truthfully admit or deny it." Fed. R Civ. P. 36(a)(4) (emphasis added). Under Rule 36(a)(4), "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only* if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* (emphasis added).

   Without discussing all the Requests for Admissions, it is difficult to understand why Plaintiff would not be able to admit or deny most of the factual assertions made in Defendant's Requests for Admission, with or without reasonable inquiry. For instance, RFA No. 1 asks Plaintiff to admit or deny that "[o]n January 3, 2024, [Plaintiff] telephoned the non-emergency line of the Norwalk, Connecticut, Police Department." (Dkt. #78-1 at 40). Plaintiff either did or did not make the phone call. If, hypothetically, Plaintiff admits to making the phone call, but cannot recall the exact date, she is entitled to qualify her response accordingly.

   RFA No. 2 asks Plaintiff to admit that she "made the Telephone Call from a telephone with a Kentucky area code." (Dkt. #78-1 at 40). Once again, this is a plain and simple statement that can be admitted or denied. If hypothetically Plaintiff admits to making the phone call but cannot recall the area code from which she called, she is entitled to qualify her response accordingly.

   Request for Admission No. 3 asks Plaintiff to admit that, during the telephone call with the police, Plaintiff "asked that the police conduct what [Plaintiff] called a 'safety and wellness check' on a baby who was two or three years old." (Dkt. #78-1 at 40). Several of the remaining RFA's ask Plaintiff to admit or deny a specific statement (one sentence each) that was supposedly made during the phone call. *See id.* at 35-36 (RFA Nos. 4, 5, 9, and 10). Other RFAs ask Plaintiff to

28

admit or deny the family relationship between certain individuals and Defendant (who is Plaintiff's sister). *See id.* at 41 (RFA Nos. 6, and 7).

It is unclear why Plaintiff lacks sufficient information to answer most (if not all) of the RFAs. As noted, several of the RFAs ask Plaintiff to admit or deny things she allegedly did or said. Those statements or actions all relate to the alleged phone call with the police that serves as the underlying basis for Plaintiff's defamation claims. (*See* dkt. #44 ¶ 5.) In responding to the nineteen RFAs, Plaintiff has failed to comply with the requirement in Rule 36(a) that she state that she has made a reasonable inquiry regarding the factual assertion, and that the information that she knows or can readily obtain is insufficient to enable her to admit or deny the factual assertion set forth in each RFA. To the extent that Plaintiff's Amended Complaint places in controversy (1) whether Plaintiff called the police about Defendant's daughter, and (2) the content of any such conversations with the police, assuming Plaintiff did, in fact, call the police, it is difficult to imagine how Plaintiff would be unable to admit or deny these RFAs after conducting a reasonable inquiry. The Court notes that Defendant represents that she has provided Plaintiff with a copy of the recording of the disputed phone call to the police and a copy of the police report. (Dkt. #68-1 at 10). If true, absent an explanation, it is difficult to understand why Plaintiff cannot either admit or deny that she is the person on the recording. Additionally, if—hypothetically—Plaintiff admits to being the person on the recording, it is difficult to understand why Plaintiff would be unable to either admit or deny that she made the statements on the recording.

The Court orders Plaintiff to provide RFA responses within 21 days of this Order that comply with Rule 36(a)(4) of the Federal Rules of Civil Procedure. In this respect, the Court notes that Rule 36(a)(6) specifically provides that "[u]nless the court finds an objection justified, it must order than an answer be served. On finding that an answer does not comply with this rule, the court

may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P 36(a)(6).

V.     <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's Motion to Compel, dkt. #65, is DENIED in part and GRANTED in part, and Defendant's Motion to Compel, dkt. #78, is GRANTED in part and DENIED in part. This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this 31st day of December, 2025 at Hartford, Connecticut.

_____/s/_____

Robert A. Richardson
United States Magistrate Judge

30