UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTOINETTE C. TAYLOR,                    :
                                         :
    Plaintiff,                           :
                                         :
    v.                                   :    CASE NO. 3:24-cv-1041 (KAD)
                                         :
PHYLLIS A. FRAZIER,                      :
                                         :
    Defendant.                           :

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
SUPPLEMENTAL MOTION TO COMPEL AND DENYING PLAINTIFF'S MOTION
TO QUASH AND MOTIONS FOR PROTECTIVE ORDER

Now pending before the Court are various discovery disputes, including Defendant's Supplemental Motion to Compel (dkt. #87), Plaintiff's Motion to Quash and for Protective Order (dkt. #89), and Plaintiff's second Motion for Protective Order (dkt. #90). For the reasons that follow, Defendant's Supplemental Motion to Compel is GRANTED in part and DENIED in part, Plaintiff's Motion to Quash and for Protective Order is DENIED as moot, and Plaintiff's second Motion for Protective Order is DENIED as moot.

I.    BACKGROUND[1]

To briefly revisit the facts of this case, on or about January 3, 2024, an anonymous individual from Kentucky allegedly called the Norwalk Police Department and requested that they conduct a wellness check on Defendant's daughter. (Dkt. #44 ¶ 5; Dkt. #87-1 at 12). Defendant claims that Plaintiff, who resides in Kentucky, called the police on her daughter, and Defendant shared this belief with various third parties. (Dkt. #44 ¶¶ 1, 5.) Plaintiff then commenced the instant lawsuit, suing Defendant for defamation for attributing the call to Plaintiff. (Dkt. #1.)

---

[1] The Court focuses only on the facts and procedural history that are relevant to the disposition of the instant discovery disputes.

As the lawsuit progressed, a myriad of discovery disputes arose, and both parties ultimately

filed motions to compel. (Dkts. #65, 76, 78.) On December 31, 2025, the Court issued a 30-page

discovery order granting in part and denying in part the cross motions to compel. (Dkt. #84). As

part of that order, the Court addressed nearly all interrogatory requests, requests for production,

and requests for admission propounded by both parties, and outlined to the parties which materials

were discoverable, and which materials fell outside the scope of discovery. *Id.* One particular

discovery dispute revolved around the production of Plaintiff's telephone records, which

Defendant sought to help determine whether Plaintiff was the anonymous caller from Kentucky.

(Dkt. #78-1 at 5-6.) Despite Plaintiff's objections, the Court ordered Plaintiff to produce her

telephone records for the specific date that the phone call to the Norwalk Police Department was

made.[2] (Dkt. #84 at 25.) In its ruling, the Court determined that the telephone records are relevant

because Plaintiff is asserting a defamation claim, and "the question of whether Plaintiff called the

police about Defendant's daughter . . . goes directly to the question of whether Defendant's alleged

statements that Plaintiff called the police are true or false."[3] *Id.* at 24-25.

Weeks after the Court issued its comprehensive order, Defendant submitted a Supplemental

Motion to Compel. (Dkt. #87.) In her Supplemental Motion to Compel, Defendant primarily argues

that Plaintiff continues to refuse to produce her telephone records (despite the Court's prior

instruction to do so), and that Plaintiff continues to object to every interrogatory and request for

---

[2] At the time that the Court issued its previous discovery order, the Court had not seen a copy of the
Case/Incident Report confirming the date of the alleged call. However, Defendant has since provided a copy
of the report as an exhibit to her Supplemental Motion to Compel, and the date of the call as listed on the
police report is January 3, 2024. (Dkt. #87-1 at 12.)
[3] The Court also granted Defendant's motion to compel responses to Defendant's requests for admission,
which among other things, asked Plaintiff to admit or deny that she made the phone call to the police, and
to admit or deny that she made certain statements during the phone call (i.e., the statements Plaintiff claims
that Defendant falsely attributed to Plaintiff). (Dkt. #84 at 27-29.) Plaintiff had objected to those requests
for admission by claiming that she "lack[ed] sufficient information to admit or deny" each such request.
(Dkt. #78-1 at 40-43.)

production. *Id.* In response to Defendant's Supplemental Motion to Compel, Plaintiff filed a Motion for a Protective Order which appears to re-litigate the discovery dispute over the production of her telephone records, and moves for a protective order to avoid producing the telephone records. (Dkt. #90.)

Plaintiff has also filed a Motion to Quash and a second Motion for a Protective Order in connection with a third-party subpoena that was served by Defendant on Chief James Walsh of the Norwalk Police Department. (Dkt. #89.) The subpoena sought the production of documents "sufficient to identify the telephone number of the anonymous Kentucky caller" at the heart of this action. *Id.* at 5. Defendant responded to Plaintiff's Motion to Quash and stated that the Norwalk Police Department fully complied with the subpoena and produced a document identifying the telephone number of the caller. (Dkt. #92.) According to Defendant, the telephone number produced by the Norwalk Police Department matches the telephone number that Defendant, who is Plaintiff's sister, has for Plaintiff (suggesting that Plaintiff is the anonymous Kentucky caller). *Id.* at 1.

For the reasons that follow, the Court GRANTS in part and DENIES in part Defendant's Supplemental Motion to Compel, DENIES as moot Plaintiff's Motion to Quash and for Protective Order, and DENIES as moot Plaintiff's second Motion for Protective Order.

## II.    DEFENDANT'S SUPPLEMENTAL MOTION TO COMPEL

The Court first turns to Defendant's Supplemental Motion to Compel. As an overarching matter, Defendant moves the Court for an order that Plaintiff withdraw all objections to Defendant's interrogatories and requests for production of documents. (Dkt. #87 at 4-5.) While the Court acknowledges this argument, Plaintiff need not withdraw all objections because the Court expressly overruled them in the December 31, 2025 discovery order. *See* dkt. #84. If Plaintiff is

withholding responsive documents and/or information based on her objections, she is simply not allowed to do so because "all litigants, including pro ses, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (internal quotation marks omitted); *see also Agiwal v. HSBC Mortg. Corp.*, No. 09-CV-4795 (CBA) (LB), 2010 U.S. Dist. LEXIS 118889, at *18 (E.D.N.Y. Nov. 4, 2010) ("Court orders requiring compliance include discovery orders."). Plaintiff did not move for reconsideration of the prior discovery order or otherwise object to the order, and the timeframe to do so has long since passed. Plaintiff's renewed arguments and objections, therefore, require no further discussion or consideration.

Thus, Defendant's Supplement Motion to Compel is denied as moot insofar as the Motion seeks to have Plaintiff withdraw her objections. Plaintiff must produce all responsive documents and answer all interrogatories within **fourteen (14) days** of this Order. In doing so, Plaintiff is ordered to verify her interrogatory responses under oath as required by Federal Rule of Civil Procedure 33(b)(3). Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing *under oath*.") (emphasis added). The Court now turns to the specific discovery disputes identified in Defendant's Supplemental Motion.

### A.  Telephone Records and Plaintiff's Motion for a Protective Order[4]

Defendant claims in her Supplemental Motion to Compel that "Plaintiff refuses to produce any telephone records." (Dkt. #87 at 1.) In Request for Production ("RFP") No.7, Defendant requested the production of all calls Plaintiff made in 2023 and 2024, and Plaintiff objected to the request on various grounds. (Dkt. #78-1 at 32.) Defendant previously moved to compel a response to RFP No. 7, dkt. #78-1 at 5-6, and the Court issued a ruling clarifying what Plaintiff is required

---

[4] Because Defendant's Supplemental Motion to Compel, dkt. #87, is intertwined with Plaintiff's Motion for a Protective Order, dkt. #90, insofar as it relates to the production of Plaintiff's telephone records, the Court addresses the motions together.

to produce, dkt. #84 at 24-25. The Court first made the determination that Plaintiff's telephone records are relevant because the identity of the caller "goes directly to the question of whether Defendant's alleged statements that Plaintiff called the police are true or false." (Dkt. #84 at 25.) Although the request was deemed relevant, the Court found the two-year timeframe (2023-2024) to be overly broad and ordered Plaintiff to produce her telephone records for only the specific date that the alleged phone call was made to the Norwalk Police Department—January 3, 2024. *Id.* at 25; dkt #87-1 at 12.

Notwithstanding this Court's order, Plaintiff now moves for a protective order to avoid producing her telephone records. (Dkt. #90.) In support of her Motion, Plaintiff claims that the production of telephone records constitutes an invasion of her privacy, is privileged, and "infringes on the privacy rights of . . . shared account users." *Id.* at 1-2. However, in response to Defendant's prior motion to compel, dkt. #78, Plaintiff had the opportunity to brief and litigate the issue relating to the production of her telephone records—and she did indeed litigate the issue by opposing the motion to compel and advancing several arguments. (Dkt. #79.) The Court considered those arguments and then issued its ruling compelling the production of the telephone records for January 3, 2024, and Plaintiff is required to comply with that order.[5] Plaintiff may not re-litigate an issue that has been decided by this Court, and non-compliance with court orders may lead to adverse consequences, as discussed later in this Order. Plaintiff's Motion for a Protective Order, dkt. #90, is denied as moot because the Court has already ruled on the discoverability of the telephone records.

---

[5] The Court notes that its prior discovery order allowed Plaintiff to redact all phone numbers except for those on the specific date of the call to the Norwalk Police Department, and permitted Plaintiff to produce the records pursuant to the Court's standing protective order. (Dkt. #84 at 25.)

To the extent Plaintiff now objects to the production of the telephone records on the grounds that she "does not have ownership of shared records," dkt. #87-1 at 9, the Court highlights that it specifically included a footnote in its prior discovery order explaining the concept of custody or control. (Dkt. #84 at 25, n.14.) To reiterate that point, "'control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents." *Bank of New York v. Meridien Biao Bank Tanz.*, 171 F.R.D. 135, 146-47 (S.D.N.Y. 1997). Because Plaintiff has the authority to obtain her *personal* telephone records, they are considered within her custody and/or control as defined under the law—even if she does not have physical custody of them at this time.

Defendant's Supplemental Motion to Compel Plaintiff's telephone records is granted, and Plaintiff is ordered to produce her telephone records for the date of January 3, 2024 within the next **fourteen (14) days**. As the Court made clear in its prior discovery order, to the extent Plaintiff's telephone records contain calls from other dates, Plaintiff may redact the phone numbers from those dates, but cannot redact the information showing the dates of those calls.

### B. Written Defamatory Statement

Defendant also moves for an order compelling a complete response to RFP No. 1, which seeks a "copy of each written, allegedly defamatory statement about which" Plaintiff complains. (Dkt. #87-1 at 8.) According to Defendant, Plaintiff now recounts an alleged written statement, but she objects to RFP No. 1 and has not produced the statement because she "does not have [the documents] in [her] possession." (Dkt. #87 at 5; dkt. #87-1 at 8.) The Court has already determined that RFP No. 1 is relevant to this action and ordered Plaintiff to comply with the discovery request. (Dkt. #84 at 24.) Defendant's Motion to Compel a response to RFP No. 1 is granted and Plaintiff

must produce the written, allegedly defamatory statement that she references within **fourteen (14) days**, or produce a statement verified under oath that she no longer has such a written statement. Although such a decision would be up to the Trial Judge, and would depend on when and how the alleged written statement was lost or destroyed, the Court advises Plaintiff that if she is unable to produce the written document that she used to possess, there is a potential risk that she *may* be precluded from offering evidence related to the now missing written defamatory statement at trial.

### C. Damages

Finally, Defendant seeks a complete response to RFP No. 4, which requests documents relevant to damages that Plaintiff allegedly suffered. (Dkt. #87 at 5; dkt. #87-1 at 8.) Plaintiff objects on the grounds that she has previously produced this information. (Dkt. #87-1 at 8.) Defendant claims, however, that Plaintiff "has not produced a single document relevant to her claimed damages." (Dkt. #87 at 5.) The Court has already determined that this request is relevant and previously ordered Plaintiff to produce these documents over these very same objections. (Dkt. #84 at 25-26.) Plaintiff is ordered to produce documents relevant to her claimed damages within **fourteen (14) days** of this Order.

### III.    PLAINTIFF'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER

The Court next turns to Plaintiff's Motion to Quash and for a Protective Order in regard to a third-party subpoena, which was served by Defendant on Chief James Walsh of the Norwalk Police Department. (Dkt. #89.) The subpoena seeks "[o]ne or more documents sufficient to identify the telephone number of the anonymous Kentucky caller referred to in the Case/Incident Report." *Id.* at 5. Defendant states that the Norwalk Police Department has complied with the subpoena, and that the telephone number produced by the Norwalk Police Department is an identical match

to the one that Defendant has for Plaintiff—"in other words, Plaintiff appears to have made that call to the police."[6] (Dkt. #92 at 1.)

The Court first considers whether Plaintiff has standing to move to quash the subpoena. As a general rule, "a party does not have standing to move to quash a subpoena served on a third party [because] . . . only the person or entity to whom a subpoena is directed has standing to file a motion to quash." *Jacobs v. Conn. Cmty. Tech. Colleges*, 258 F.R.D. 192, 194-95 (D. Conn. 2009). An exception to this general rule exists where the party claims a "personal right or privilege" to the production. *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004). For example, in *Jacobs*, the court found that the plaintiff had standing to move to quash a subpoena because he "clearly ha[d] a personal privacy right and privilege with respect to the information contained in *his* psychiatric and mental health records." 258 F.R.D. at 195 (emphasis added). Indeed "[t]he claim of privilege or right must be personal to the movant, not to the non-party witness on whom the subpoenas was served." *United States v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016) (internal quotation marks and citation omitted).

To the extent that Plaintiff denies being the anonymous caller, she has no standing to assert a personal right on behalf of the anonymous caller. Unlike in *Jacobs*, there is no conceivable, personal interest that Plaintiff has in the identification of the anonymous caller or in the privacy rights of the anonymous caller when she expressly denies being the anonymous caller. *See, e.g.*, dkt. #87-1 at 6, Plaintiff also argues that the subpoena is defective because it does not identify the anonymous caller, dkt. #89 at 1, thereby depriving the anonymous caller of the opportunity to object to it. However, this argument is unavailing because Defendant does not know the identity

---

[6] Defendant also claims that she subsequently obtained a recording of the telephone call and "Plaintiff – or somebody who sounds exactly like Plaintiff – urged the police to check" on Defendant's daughter (and granddaughter). (Dkt. #87 at 2.) According to Defendant, a copy of the recording has been provided to Plaintiff. (Dkt. #68-1 at 10.)

of this anonymous caller. Indeed, Defendant strongly suspects that Plaintiff *is* the anonymous caller. Even if the Court had concluded that Plaintiff had standing to move to quash the subpoena, the Court would have denied Plaintiff's Motion to Quash as moot. The Norwalk Police Department has complied with the subpoena already. Therefore, Motion to Quash and for a Protective Order, dkt. #89, is DENIED as moot.

## IV.    DISCOVERY SANCTIONS

As a final matter, Defendant is seeking discovery sanctions under Rule 37 of the Federal Rules of Civil Procedure. (Dkt. #87 at 6.) Under Rule 37(a), a party that loses a motion to compel may be required to pay the moving party's expenses incurred in connection with the filing of the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). Similarly, Rule 37(b) allows a court to impose non-monetary sanctions when a party fails to comply with a court order, and sanctions can range from striking pleadings in whole or in part to dismissing the entire action with prejudice. Fed. R. Civ. P. 37(b)(2)(A). District courts "possess 'wide discretion' in imposing sanctions under Rule 37," *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007), and *pro se* litigants are not immune from the imposition of discovery sanctions, *see Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009).

The Court will refrain from ruling on the motion for sanctions until Plaintiff has an opportunity to respond. Plaintiff must respond to Defendant's motion for sanctions within **twenty-one (21) days** of this Order.

## V.    CONCLUSION

Based on the foregoing, Defendant's Supplemental Motion to Compel, dkt. #87, is GRANTED in part and DENIED in part, Plaintiff's Motion to Quash and for a Protective Order, dkt. #89, is DENIED as moot, and Plaintiff's second Motion for a Protective Order, dkt. #90, is

DENIED as moot. This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

       SO ORDERED this **11th** day of **February, 2026** at Hartford, Connecticut.

           _____/s/_____

           Robert A. Richardson
           United States Magistrate Judge