UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTOINETTE C. TAYLOR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:24-cv-1041 (KAD) |
| | : | |
| PHYLLIS A. FRAZIER, | : | |
| | : | |
| Defendant. | : | |

ORDER ON DEFENDANT'S MOTION TO COMPEL

Currently pending before the Court is Defendant's Motion to Compel. (Dkt. #150.) For the reasons that follow, the Court GRANTS in part and DENIES in part Defendant's Motion to Compel.

I.    BACKGROUND

This Court scheduled a hearing on Defendant's Motion to Compel for July 8, 2026 at 2:00 PM. (Dkts. #156, 157.) Several days later, Plaintiff moved for a continuance of hearing until July 29, 2026. (Dkt. #159.) The Court granted Plaintiff's request in part and re-scheduled the hearing for July 17, 2026, at 11:30 AM. (Dkt. #164.)

On July 14, 2026, Plaintiff again moved for a continuance of the hearing.[1] (Dkt. #168.) This time Plaintiff requested a continuance of the hearing until such time as the Second Circuit Court of Appeals ruled on Plaintiff's then-pending Petition for Writ of Mandamus and Motion to Stay all proceedings. *Id.* Later that same day, the Second Circuit Court of Appeals denied Plaintiff's Motion for a Temporary Stay. (Dkt. #170.) On the following day, July 15, 2026, the Court denied Plaintiff's second request for a continuance and, in doing so, noted in bold and underlined text that

---

[1] In the filing, Plaintiff explicitly acknowledged the correct date, time, and format of the planned hearing, which indicates that she was on notice of the hearing. (Dkt. #168 at 1.)

1

the hearing would go forward on July 17, 2026 at 11:30 AM. (Dkt. #171.) On July 17, 2026, Plaintiff failed to appear at the hearing. It does not appear that Plaintiff attempted to contact the Clerk's Office or otherwise notify the Court that she would not be attending.[2] (Dkt. #174.) Although the Court made multiple attempts to allow Plaintiff an opportunity to be heard on the pending Motion to Compel, it will now take up the Motion to Compel on the papers.

## II.    LEGAL STANDARD

Generally, Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Pursuant to Rule 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The party moving to compel discovery bears the burden of demonstrating "that the requests are within the scope of Rule 26(b)(1)." *Conservation L. Found., Inc. v. Shell Oil Co.*, No. 3:21-CV-933 (JAM), 2023 U.S. Dist. LEXIS 147065, at *34 (D. Conn. Aug. 22, 2023). After the party requesting discovery has demonstrated relevance and proportionality according to the requirements of Rule 26, "[t]he party resisting discovery bears the burden of showing why discovery should be denied." *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009).

## III.    DISCUSSION

Defendant's instant Motion to Compel seeks proper discovery responses from Plaintiff on outstanding discovery requests, including Defendant's Second and Third Sets of Discovery. (Dkt. #150.) Plaintiff opposes the Motion to Compel and, in doing so, argues that Defendant's discovery

---

[2] The Court mistakenly stated on the record that the docket did not provide a phone number for Plaintiff. It now appears that there is a phone number listed for Plaintiff. In any event, the onus is not on the Court to try and reach a party that fails to attend a scheduled court proceeding.

requests are frivolous. (Dkt. #169.) Plaintiff also seeks monetary sanctions in the form of "non-attorney fees." *Id.* at 6.

### A.      Statements in Sworn Declaration

The first set of discovery at issue in Defendant's Motion to Compel relates to a sworn declaration Plaintiff made regarding the alleged unavailability of her telephone records. (Dkt. #150 at 1-4.) As background, this Court has repeatedly ordered Plaintiff to produce her telephone records for the date of January 3, 2024. *See* dkt. #128 at 13-14. On February 18, 2026, Plaintiff submitted a signed declaration to this Court, under penalty of perjury, which stated that she "personally talked with [her] cellular company representative" and the representative "confirmed that they do not maintain telephone logs/records after 100 days and/or two months." (Dkt. #98 at 8.) Plaintiff declared that "[n]o telephone logs/records" exist. *Id.* In light of these representations, Defendant served her Second Set of Discovery seeking information about Plaintiff's sworn declaration, but stated that "Plaintiff has refused to give any meaningful response." (Dkt. #150 at 1-2.)

This Court ordered Plaintiff to provide the requested discovery when it denied Plaintiff's Motion for a Protective Order and found that Plaintiff failed to establish that it would be unduly burdensome for Plaintiff to provide the requested information about her sworn declaration. Dkt. #128 at 11 (ordering Plaintiff to fully respond to the discovery requests by May 15, 2026). Additionally, the Court finds the information requested by Defendant to be relevant because it goes directly to the issue of Plaintiff's credibility and whether the factual representations Plaintiff made to this Court were truthful. *See Likai Gao v. Barr*, 968 F.3d 137, 148 (2d Cir. 2020) (noting that a court determining witness credibility may always consider whether the witness has been truthful under oath). Defendant's Motion to Compel is granted insofar as it relates to the requested discovery regarding Plaintiff's sworn declaration concerning the unavailability of her telephone

3

records, and her communications about that subject with her phone company. Plaintiff is ordered to fully respond to the requested discovery **within fourteen (14) days of this order**.

### B.    Defamatory Statement

Next, Defendant seeks discovery relating to one of the alleged defamatory statements in this case. (Dkt. #150 at 4-5.) In her filings, Plaintiff repeatedly quotes the following alleged statement, and claims it was defamatory: "This case arose out of Defendant's exact words, '[the plaintiff] lied to the police and [the plaintiff] made a false report about my daughter physical abusing her baby girl.'" *See, e.g.*, dkt. #132-1 at 1 (brackets in original). Notwithstanding this repeated allegation, Plaintiff states in the same signed and sworn declaration referenced above that she does "not have [D]efendant's defamatory statement in [her] possession or control." (Dkt. #98 at 8.) In response to that assertion, Defendant seeks further discovery about the alleged defamatory statement, including the medium of the statement (whether it was an e-mail, text message, paper document, group chat, etc.) and the identity of anyone that may have heard and/or has knowledge about the statement. (Dkt. #150-1 at 5-6.) Plaintiff objected to the discovery requests relating to the alleged defamatory statement, arguing that the requests are "broad, uncertain, and unintelligible." (Dkt. #150-1 at 11-12.)

The Court overrules Plaintiff's objections and finds that discovery relating to the alleged defamatory statement is clearly relevant because it is part of Plaintiff's defamation claim. Pursuant to the Federal Rules of Civil Procedure, Defendant is entitled to conduct discovery relating to the alleged defamatory statement to defend herself. Fed. R. Civ. P. 26(b)(1) (noting that, during discovery, parties may obtain information "that is relevant to any party's claim or *defense*") (emphasis added). Defendant's Motion to Compel is granted insofar as it relates to discovery about

the alleged defamatory statement and Plaintiff is ordered to fully respond to the requests **within fourteen (14) days of this order**.

### C.    Tax Returns

Finally, Defendant seeks information about Plaintiff's tax returns, which Defendant claims Plaintiff put at issue in her Amended Complaint. (Dkt. #150 at 5-6.) In Plaintiff's Amended Complaint, she states that her "annual salary is six figures as reflected on her income tax records," dkt. #44 ¶ 1, and that, as a result of Defendant's alleged defamatory conduct, Plaintiff "claims damages," *id.* ¶¶ 13-14. To further explore Plaintiff's salary and the damage component of the defamation claim, Defendant served her Third Set of Discovery Requests on Plaintiff. (Dkt. #150 at 6.) Defendant now claims that "Plaintiff has not responded in any fashion." *Id.* Because Plaintiff has not yet responded, Defendant argues that Plaintiff waived the right to object under Rule 33(b)(4) and Rule 34. *Id.*; *see also Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538 (D. Conn. 2006) (extending Rule 33 waiver rule to Rule 34).

Given the information that has been presented to the court, Defendant has not sufficiently identified a basis that would make the tax returns discoverable under Rule 26(b)(1). The quote from the Amended Complaint does not clearly establish that Plaintiff is seeking lost income as part of her damages. *See* dkt. #44 ¶¶ 13-14. Thus, the Court cannot conclude that Plaintiff's tax returns are relevant. The Court therefore denies Defendant's Motion to Compel insofar as it relates to Plaintiff's tax returns. In doing so, the Court notes that Defendant previously served interrogatories on Plaintiff requesting that Plaintiff describe how she was damaged by the allegedly defamatory statement, dkt. #78-1 at 18, and explain how she calculated the dollar amount of her alleged damages, *id.* at 19. The Court is unaware of Plaintiff's answers to these two interrogatories. To the

extent that those responses may change the analysis under Rule 26(b)(1), the Court's denial is without prejudice to re-filing in the future.[3]

IV.   CONCLUSION

Based on the foregoing, Defendant's Motion to Compel is GRANTED in part and DENIED in part. Plaintiff is ordered to produce the requested discovery consistent with this order **within fourteen (14) days**. This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.


SO ORDERED this **23rd** day of **July, 2026** at Hartford, Connecticut.

/s/ *Robert A. Richardson*

Robert A. Richardson
United States Magistrate Judge

---

[3] During the oral argument scheduled for July 17, 2026, the Court planned on asking Plaintiff if she is seeking lost income as part of her damages and planned on asking Defendant if Plaintiff's interrogatory responses indicated that she was seeking lost income as an element of damages. However, as noted earlier, Plaintiff did not attend the hearing on July 17, 2026, so the hearing did not go forward.